```
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| WARNER BROS. RECORDS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; CAPITOL RECORDS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>KEN PERRY,<br><br>                    Defendant. | 2:05-cv-1282-GEB-KJM<br><br>ORDER DISMISSING ACTION |

The "[Proposed] Judgment and Permanent Injunction Based on Stipulation" filed February 13, 2006, reflects the settlement of this action ("Settlement"). "The settlement is just another contract to be enforced in the usual way, that is, by a fresh suit[,]" unless the federal court exercises jurisdiction over it as is requested in the Settlement. <u>Jessup v. Luther</u>, 277 F.3d 926, 929 (7th Cir. 2002). The parties state in the Settlement that "[t]he Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction." (Settlement ¶ 9.) "Of course, the mere fact that the parties agree that the [federal] court

1

should exercise . . . jurisdiction [over their Settlement Agreement] is not binding on the court." <u>Arata v. Nu Skin Int'l, Inc.</u>, 96 F.3d 1265, 1269 (9th Cir. 1996).

While it is recognized that federal jurisdiction can be exercised over certain settlements, exercising jurisdiction is not automatic. Rather, a settlement must be analyzed for determination whether the exercise of jurisdiction over it is "essential to the conduct of federal-court business." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 382 (1994). Certain matters in the Settlement dissuade me from exercising ancillary jurisdiction over the Stipulation. Specifically, paragraph four includes an injunction enjoining Defendant "from . . . indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created . . . ." The term "indirectly" is not defined in the Settlement, and it is questionable whether a federal injunction should now issue enjoining Defendant from violating yet to be enacted federal or state law. It is also unclear what statements paragraph eight precludes Defendant from making.

Since jurisdiction will not be exercised over the Settlement, this action is dismissed. <u>See</u> <u>Oswalt v. Scripto, Inc.</u>, 616 F.2d 191, 194 (5th Cir. 1980) (revealing that when a settlement is tantamount to a stipulated dismissal, a dismissal order should issue). The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: May 4, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge
